**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Townsend,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-17-02386-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Robin Townsend's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 15, "Pl.'s Br."), Defendant SSA Commissioner's Opposition (Doc. 16, "Def.'s Br."), and Plaintiff's Reply (Doc. 19, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and now affirms the Administrative Law Judge's decision (R. at 12–25) as upheld by the Appeals Council (R. at 1–3).

**I.     BACKGROUND**

Plaintiff filed his Applications on July 30, 2013 for a period of disability beginning October 6, 2011. Plaintiff's claims were denied initially on January 24, 2014, and on reconsideration on June 2, 2014. Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on December 17, 2015. (R. at 32–49.) On January 22,

2016, the ALJ denied Plaintiff's Applications. (R. at 12–25.) On May 19, 2017, the Appeals Council upheld the ALJ's decision. (R. at 1–3.) The present appeal followed.

The SSA previously granted Plaintiff's applications for disability benefits effective from March 15, 2008 to October 6, 2010. The ALJ in that adjudication determined that Plaintiff was no longer disabled under the Act as of October 6, 2010. Regarding Plaintiff's current Applications, the ALJ in the present matter looked to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), for the principles of *res judicata* as applied to prior administrative decisions. (R. at 12.) The ALJ noted that, in reviewing Plaintiff's current Applications, the ALJ was "not obligated to accept the prior finding of non-disability" under *Chavez* and that Plaintiff is required to show "material changes of circumstance indicating a greater level of disability" in his current Applications. (R. at 12.) The present review of Plaintiff's Applications is limited to his disability status after October 6, 2011, the new alleged onset date.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of depression and anxiety (R. at 15), but that Plaintiff has the residual functional capacity ("RFC") to perform work of all exertional levels but with some limitations: "the claimant can understand, remember, and carry out at least simple instructions and non-detailed tasks, he can perform jobs that do not include constant and/or regular contact with the general public, and he can perform jobs that do not include more than infrequent handling of customer complaints" (R. at 20). After hearing testimony of a Vocational Expert ("VE"), the ALJ concluded that Plaintiff can perform jobs in the national economy, including housekeeper and hospital cleaner, such that Plaintiff is not disabled under the Act.

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20

C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in assigning only "great weight" to the assessment of Plaintiff's treating psychiatrist and "no weight" to the assessment of a licensed master social worker (LMSW) in formulating Plaintiff's RFC; (2) the ALJ erred by giving reasons for rejecting Plaintiff's symptom testimony that were not sufficiently specific, clear, and convincing and supported by substantial evidence in the record as a whole. (Pl.'s Br. at 1–2.)

### A. The ALJ Did Not Err in Interpreting Dr. Ton's Assessment and Weighing Ms. Jones's Assessment

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830–31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Burnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ gave "great weight" to the opinion of Dr. Kiti Ton, Plaintiff's treating psychiatrist. (R. at 21.) Dr. Ton completed a mental RFC questionnaire for Plaintiff on May 12, 2015, in which Dr. Ton opined among other things that Plaintiff would have mild to moderate limitations in his ability to respond to customary work pressures; the questionnaire form indicates that "mild" is classified as off-task 1-10% of an eight-hour work day, and "moderate" is classified as off-task 11-15% of an eight-hour work day. (R. at 1764–65.) Dr. Ton also stated that he was not able to opine as to whether the restrictions he noted were in existence as of October 6, 2011, marking this question on the questionnaire with the word "variable." (R. at 1765.) Dr. Ton noted that he would need to see medical records from October 2011 to present, including the notes of the prior doctor

and nurse practitioner, to determine the date Plaintiff's restrictions were first in existence. (R. at 1765.) Dr. Ton also wrote, "Recommend independent disability evaluation." (R. at 1765.)

Plaintiff essentially takes issue with the fact that the hypothetical the ALJ posed to the VE did not include the limitation indicated on the questionnaire form that Plaintiff could be off-task 11-15% of an eight-hour work day, which results from the mild to moderate limitation noted by Dr. Ton in Plaintiff's ability to respond to customary work pressures. (Pl.'s Br. at 17–18.) In response, Defendant points out that the questionnaire is a "non-SSA" form. (Def.'s Br. at 8.) Defendant argues that the questionnaire is ambiguous and inconsistent with established standards for mental RFC assessments in the context of Social Security, and the ALJ reasonably interpreted Dr. Ton's findings in light of the ambiguous form. (Def.'s Br. at 7–11.) The Court agrees with Defendant.

As Defendant notes, SSA's definition of a "moderate" limitation in the context of a mental RFC is that the claimant's ability to function on a sustained basis in a particular area remains "fair." (Def.'s Br. at 8–9 (citing SSA Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66137, 66164 (Sep. 26, 2016)).) By defining "moderate" as a percentage of time a claimant is off-task in an eight-hour work day—a nonsensical proposition in several of the functional areas, such as "degree of deterioration in personal habits"—the questionnaire form did not conform with the SSA standards and was at best ambiguous. As a clear indicator of the form's deficiencies, considering the VE's testimony that "if you're off-task 11 to 15% for any reason, there would be no work" in the national economy (R. at 47), any finding on the questionnaire of a moderate limitation in any functional area would lead to a *per se* disability finding. Applying the proper standards under the Act, a moderate limitation is not necessarily equivalent to a finding of disability. *See, e.g.*, *Shaibi v. Berryhill*, 883 F.3d 1102, 1107–08 (9th Cir. 2017).

The fact that Dr. Ton circled both "mild" and "moderate" under the area of Plaintiff's ability to respond to customary work pressure simply adds to the ambiguity. (R. at 1764.) Moreover, Plaintiff has not pointed to any medical records consistent with a

finding that he would be off-task 11-15% of an eight-hour work day on account of any limit in his ability to respond to customary work pressure.

In light of these several sources of ambiguity, the ALJ properly interpreted Dr. Ton's findings in formulating Plaintiff's mental RFC. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (stating the ALJ is responsible for resolving ambiguities); *see also Shaibi*, 883 F.3d at 1107–08; *Burch*, 400 F.3d at 679; *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ gave great weight to Dr. Ton's assessment, and his interpretation of Dr. Ton's findings in formulating Plaintiff's mental RFC was reasonable and supported by substantial evidence in the record. Thus, even if Plaintiff is correct that another interpretation exists, the Court must defer to the ALJ's interpretation. *Burch*, 400 F.3d at 679.

Plaintiff also takes issue with the ALJ's decision to give no weight to the records of the LMSW, Ms. Jones. As the ALJ noted and the parties agree, Ms. Jones was not an acceptable medical source. (R. at 22.) An ALJ must provide only a germane reason for discounting the opinion of such a source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court disagrees with Plaintiff that the ALJ's reasons were not sufficiently specific. (Pl.'s Br. at 18–19.) Earlier in his opinion, the ALJ laid out in sufficient detail the reasons for his conclusions regarding the value of Ms. Jones's opinion, including that the relevant treatment notes showed that Plaintiff had at most mild limitations. (R. at 17–18, 21); *Cf. Gonzalez v. Sullivan*, 914 F.2d 1197, 1200–201 (9th Cir. 1990) (finding that an ALJ's four-page evaluation of the medical evidence was adequate to lay out the reasons supporting the ALJ's conclusions). The ALJ provided germane reasons supported by substantial evidence in the record to discount Ms. Jones's opinion and thus did not err.[1]

**B.     The ALJ Gave Sufficient Reasons to Discount Certain Symptom Testimony of Plaintiff**

Plaintiff also argues that the ALJ erred in his consideration of Plaintiff's symptom testimony. (Pl.'s Br. at 9–15.) While credibility is the province of the ALJ, an adverse

---

[1] The Court also finds no material error in the ALJ's assignment of partial weight to the opinions of the nonexamining state agency physicians.

credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1281)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Plaintiff points to testimony at the hearing that he is "hypervigilant" and has episodes of flashbacks, when he likes to "find a safe place to back [himself] into where [he] can keep an eye on windows and entrances. And they last several minutes and then the aftereffects, fatigue and loss of concentration last for several hours." (Pl.'s Br. at 7 (citing R. at 38).) Plaintiff also testified that he experiences panic attacks, has trouble dealing with the public, and as a result has problems with memory and concentration. (Pl.'s Br. at 7 (citing R. at 39–43).)

The ALJ formulated an RFC that included that Plaintiff "is able to understand, remember and carry out at least simple instructions and non-detailed tasks" and "should not work in a setting which includes constant and regular contact with the general public and should not perform work which includes more than infrequent handling of customer complaints." (R. at 45.) Plaintiff principally contends that the RFC should also have included limitations addressing his panic attacks and flashbacks. (Pl.'s Br. at 7–8, 13–14.)

The ALJ incorporated into his assessment his finding that Plaintiff has moderate difficulties in concentration, persistence or pace (R. at 18–19), and the Court has already determined that the ALJ did not err in interpreting Dr. Ton's mental RFC assessment and

finding no support in the medical record that Plaintiff will be off-task 11-15% of an eight-hour workday. In evaluating Plaintiff's symptom testimony, the ALJ also did not err in considering that Plaintiff's reports of a lack of memory and concentration on account of flashbacks and panic attacks were inconsistent with his activities of daily living, including evidence that Plaintiff enjoys reading, reads frequently, and is writing a memoir that he hopes to publish. (R. at 18, 21.) The ALJ also properly considered the substantial medical evidence that Plaintiff does not have significant limitations in concentration and memory, contrary to Plaintiff's subjective testimony at the hearing. (R. at 21.) The ALJ was sensitive to Plaintiff's limitations in fashioning an RFC limiting Plaintiff to simple, non-detailed tasks and limiting Plaintiff's public contact, and the Court finds no error in the ALJ's evaluation of Plaintiff's symptom testimony in light of Plaintiff's activities of daily living and the substantial medical record in this case. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1224–25 (9th Cir. 2010); *Burch*, 400 F.3d at 680–81.

In sum, Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Applications for Disability Insurance Benefits and Supplemental Security Income under the Act was supported by substantial evidence in the record.

IT IS THEREFORE ORDERED affirming the January 22, 2016 decision of the Administrative Law Judge, (R. at 12–25), as upheld by the Appeals Council on May 19, 2017, (R. at 1–3).

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 22nd day of March, 2019.

Honorable John J. Tuchi
United States District Judge